1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

M.S. A MINOR BY AND THROUGH HER
GUARDIAN AD LITEM, AND
GUARDIAN, JEFFREY SMITH, *et al.*,

Plaintiffs,

v.

COUNTY OF LAKE, *et al.*,

Defendants.

Case No.  14-cv-05170-NJV

**ORDER ON PETITION FOR
APPOINTMENT OF GUARDIAN AD
LITEM**

Re: Dkt. No. 7

Before the court is Plaintiffs' Petition for Appointment of Guardian ad Litem (Doc. 7).  In the Petition, Plaintiffs request that Jeffery Smith, grandfather of M.S., be appointed as guardian for the minor M.S..  On February 10, 2015, the court conducted a hearing on Plaintiffs' request for appointment.

The appointment of a guardian ad litem is governed by Rule 17 of the Federal Rules of Civil Procedure which states in pertinent part that:

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action."

Fed. R. Civ. P. 17(c) (2).  An individual's capacity to sue is determined by the law of the individual's domicile.  Fed. R. Civ. P. 17(b).  Under California law, an individual under the age of eighteen is a minor.  Cal. Fam. Code § 6502.  A minor may bring suit as long as a guardian conducts the proceedings.  Cal. Fam. Code § 6601.  The court may appoint a guardian ad litem to represent a minor's interests in the litigation.  Cal. Code Civ. P. § 372(a).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests." *Guerrero v. Brentwood Union Sch. Dist.*, No. C 13-03873 LB, 2014 WL 1028862, at *2 (N.D. Cal. Mar. 17, 2014) (citing Cal. Code Civ. P. § 372(b)(1)).  Further, "[a] court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Id.* (quoting *Williams v. Super. Ct.,* 147 Cal. App. 4th 36, 54 Cal. Rptr. 3d 13, 22–23 (Cal. Ct. App. 4th 2007).

Jeffery Smith, Elizabeth Smith and M.S. (collectively, "Plaintiffs") bring this action against Defendants under 42 U.S.C. § 1983, 1988, & 12132, and "California statutory/common law," Compl. (Doc. 1) at 1, based on events related to the death of James Ellis Smith.  Jeffery and Elizabeth Smith were James Ellis Smith's parents, and M.S. was his minor daughter.  *See* Certificate of Birth (Doc. 7) at 3.  Thus, Plaintiffs Jeffery and Elizabeth Smith are M.S.'s grandparents.

After a review of the claims contained in the Complaint, Plaintiffs' petition, the Brief in Support of Appointment, and the representations made on the record at the hearing, the court finds that Jeffery Smith has no divergent interests to M.S..  Although Jeffery Smith brings this action on behalf of himself and M.S., the court finds the claims not to be in conflict.

Accordingly, Jeffery Smith's appointment as guardian ad litem for M.S. is appropriate and the Petition for Appointment of Guardian ad Litem (Doc. 7) is GRANTED.

Plaintiffs are reminded that "[a]fter appointing a guardian *ad litem,* a district court 'maintains a continuing obligation to supervise the guardian *ad litem's* work.'" *Adamson v. Hayes*, 2010 WL 5069885, at *6 (D. Ariz. Dec. 7, 2010) (quoting *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 652 (2nd Cir.1999) (citing *Dacanay,* 573 F.2d at 1079; *Noe,* 507 F.2d at 12 ("through a guardian *ad litem* the court itself assumes ultimate responsibility for determinations made on behalf of the [ward]")).  Further, "[t]he duties of a guardian ad litem are essentially ministerial.  While he may negotiate a proposed compromise to be referred to the court, he cannot

2

render such a compromise effective merely by giving his consent." *Dacanay v. Mendoza*, 573

F.2d 1075, 1079 (9th Cir.1978).  "It is the court's order approving the settlement that vests the

guardian ad litem with the legal power to enforce the agreement."  *Id*.

**IT IS SO ORDERED**.

Dated:  February 10, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

3